| Notes of Interest |
|---|
| First notice of loss is a summons and complaint. Accurint and ISO searches did not produce any information regarding the plaintiff. The plaintiff's address is that of Armory Men's Homeless Shelter. Tender is pending. Plaintiff owes back child support in Ohio per child services. Tender accepted. |
| FNOL was a tender from Nationwide on behalf of their insured Jamaica Center Improvement Association. Nationwide refused to send Travelers a photo of the defect unless Travelers accepted the tender in full. The insured has no record of completing work in front of building identified as the loss location. The closest the insured has repaired was 161-10 which is a few buildings down. The insured cleans the sidewalk and changes the garbage 98% of the time. 2% of what the insured does is brick repair. The tendering party listed a different loss location. Travelers insured was initially named as a third party defendant. The complaint was amended naming the insured as a direct defendant after the statute had run. The insured's FNOL was a phone call made by Travelers. The plaintiff has Medicaid and is in financial distress. Forensic specialist assigned. As of 8/21/20, plaintiff deposition to be scheduled as the plaintiff attorney made contact with their client. Engineering department to assign a biomechanical expert. Deposition of plaintiff took place. Plaintiff testified that he hired an attorney the week after the loss and went to a doctor a few weeks later. The plaintiff treated with Andrew Davy, Dr. Tavdy and Pavel Alexandrov. Medicaid paid for the vehicle that transported him to Dr. Alexandrov. Plaintiff is taking Gabapentin and Percocet. Biomechanical expert and surveillance to be scheduled. As of 12/17/20, depositions for remaining defendants for January 12 and January 28 (insured). Information from parties regarding the surveillance, biomechanical, and 4D radiological review are pending. As of 2/1/21, deposition of Jamaica BID's managing officer was deposed on 1/12/21. The testimony focused on the process as he was not employed by the BID at the time of the loss. Surveillance, biomechanical expert and radiologist to be assigned. The insured's deposition was scheduled for 1/28/21. No additional information in claim notes regarding the deposition. As of 3/10/21, the insured's deposition took place. To do: conduct surveillance, retain a biomechanical expert and radiological film review. As of 5/14/21, prior records are pending, biomechanical expert to be assigned, nurse review, 4D and IMEs pending. Surveillance on hold. As of 6/17/21, Claimant Paul Harrison had a previous loss on 10/17/01. The notes state that there was no ambulance. The claimant treated with a chiro and physical therapist. Injuries include head, neck, lower back and shoulders. The MRI of the cervical spine found a disc bulge. The case was resolved for $1500. Surveillance conducted, the report is pending. Films have been requested for 4D review. Biomechanical report is also pending. George Constantine called Travelers on 6/3/21. He made a demand for $900,000 and is open to mediation or straight negotiations. As of 1/3/22, Defense Counsel appeared for oral argument on our Order to Show Cause to stay trial and vacate plaintiff's note of issue so we may perform additional discovery to investigate whether plaintiff's trip and fall claim is involved in the fraudulent scheme allegedly headed by plaintiff's former attorney, George Constantine. Just hours before the argument, plaintiff's new counsel finally reached out to all parties requesting a brief adjournment of the OTSC so that she may have an opportunity to file an opposition as she filed her notice of appearance just last week. While DC was fully prepared to argue the OTSC, DC explained the situation to the judge and requested that oral arguments be adjourned. The judge acknowledging the seriousness of the allegations within the OTSC and was reluctant to permit the adjournment. The judge advised that he was not willing to grant an adjournment for after the new year due to the severity of the allegations. Accordingly, the judge decided that he would decide the papers on submission and that opposition papers are due by Wednesday, December 29, 2021. As of 10/18/22, delay in discovery due to new attorney. As of 11/21/22, Pre-trial conference held on 11/15/22, the plaintiff was pushing for a trial date ASAP, the court scheduled Travelers to return on 3/15/23. Plaintiff broached the idea of mediation and reduced his demand from $5 million to $2.5 Million. Motion to vacate the NOI was denied by the Judge however the door was left open to any evidence of ill intent to be admitted during trial. |
| Plaintiff Deposition: The plaintiff testified that he laid on the ground for 15 minutes after he fell before an unknown Hispanic male helped him up. The Hispanic male called 911 and an ambulance arrived at the scene. The plaintiff treated with CitiMedical 3-4 weeks after the alleged fall. CitiMedical provided the plaintiff with free car service to and from his Brooklyn home or his girlfriend's house in Rego Park. After concluding his treatment with CitiMedical, he went to Dr. Kaisman who said his back was too bad and referred him to a surgeon, Dr. Cora. Dr. Cora saw him only a few times before doing the fusion surgery on his lumbar. The plaintiff fell off a roof ten years prior to the loss and fractured his ankle. He also had a prior back injury while working yet denied filing a worker's compensation claim. There was a lapse in treatment between March 2017 to August 2017. Plaintiff denies having an MRI due to the metal in his foot. Plaintiff was not sure if he would have the surgery yet ultimately decided to go forward with it. Claim was closed without payment. |

Christian Oglesby was indicted in November 2014 as well as three others for robbery and possession of stolen property. Christian pled not guilty and is/was represented by Toni Marie Angeli. An additional article stated that Christian was involved in other robberies on 11/2/14 and 6/10/14 and had an active warrant dated 7/23/13 for criminal possession of marijuana. Christian Ogelsby appeared for his deposition on 3/1/17. Despite saying how much pain he was in, the did not appear to be in any distress at the EBT. Christian denied any pending court appearances despite having one scheduled for 3/16/17. Christian admitted that he was in the Nassau County Jail for 7 months for 2nd degree attempted robbery. He is represented by Karen Bobley. Within two weeks of the alleged loss, Christian went to the loss site with his attorney's investigator to take photos of the sidewalk. 911 was called after the fall and he was transported to Flushing Hospital. Within the first week, he was referred to Dr. Thompson for PT and Chiro treatment by his attorney. He complained of left knee and lower back pain. Dr. Thompson referred him to Dr. Donadt and he received knee injections and arthroscopic surgery. Christian also had MRIs of his lower back and left knee. Tender accepted. Tender was retracted, case is active. The claimant is associated with 4 felony convictions and 1 misdemeanor conviction. As of 9/17/19, he is not incarcerated. Charges include attempted robbery, robbery, criminal possession of stolen property, aggravated unlicensed operation of a motor vehicle, attempted criminal possession of a controlled substance, criminal/unlawful possession of marijuana, and criminal possession of a gun. As of 2/23/21, case was dismissed in the courts. Plaintiff is pro se and presently incarcerated. Case has been reopened. As of 1/3/22, conference scheduled for 5/25/22. As of 10/18/22, The matter was dismissed with prejudice. The plaintiff was aware of the court conference on 10/5/22. The judge called the plaintiff twice. The first time, he hung immediately. The second time he asked what the call was about and mentioned the Boston Market case. The plaintiff hung up on the judge a second time and the case was dismissed. As of 11/21/22, case is open yet was dismissed.

The insured has no knowledge of the incident. No medicals have been received to date. The plaintiff has a lawsuit loan with UC Claims OPCO LLC, 1221 N. Church Street, Suite 103, Moorestown, NJ 08057 which was secured on 6/21/16. Claim handler, Mike Pigno has found that Shaka Callender has a possible rapper name, "Shaka Wraith Boy Callender". His Facebook account is not active yet he uses an alias Sam Rothstein which can be confirmed as an individual wished him a happy birthday on 5/9 which is Shaka's date of birth. ER reports state that plaintiff injured his right knee and back as a result of falling while walking on a sidewalk. Report from NY Surgery Center refer to the patient as a she throughout the entire report. Medicaid paid the ER. EBT of plaintiff took place on 4/5/17. The plaintiff stated that he fell in a pothole while walking in front of a shoe store. Photos of the pothole was taken by an individual who may be an investigator with his attorney's office. Shaka fell on his right knee and twisted his back, Shaka was referred to Dr. Thompson a week after the loss by his attorney. He received physical therapy and was referred to Dr. Donadt by Dr. Thompson. He received MRI'S from Astoria. received a discectomy from NY Surgery Center, and received pain management treatment from Michael Poliseno. He was prescribed percocet and oxycodone. Surveillance of the plaintiff was conducted and found him walking without any issues. The records from NY Surgery list Shaka as a female and had a small balance write-off of $18,500. The records list the treatment as funded. It appears that white-out may have been used on a portion of the medical records. York Risk Services to reimburse Travelers for legal expenses totaling $6150.00. Travelers willing to discontinue the third party action without prejudice as long as they agreed to reimburse Travelers for the legal expenses.

Insured had no prior knowledge of the loss. First notice of loss was the summons and complaint. The attorney stated that the claimant fell in a crack/hole next to metal cellar doors. The loss occurred at 9 AM and the store was closed. Two unknown males helped the claimant up. The claimant walked to Brookdale Hospital. The insured stated that the store is open from 10 to 6 on Saturday. There has never been any other losses at this location. Location is busy street. MIU Jeff Goldstein reviewed the bill of particulars in the above claim and found that George Constantine submitted a request for preliminary conference for claimant Irving Perez. Our claimant is Victor Rodriguez. An ISO search revealed that Irving Perez has a slip and fall claim with Tower Insurance, date of loss 11/30/12. The insured is Arnold's Service Station and the claimant's address is 599 Ralph Avenue, Brooklyn, NY 11233. Tower settled this claim for $100,000. The bill from NYSC says to remit payment to "Boulevard Surgical Center". The bill lists a "ROA-check" to Ribeiro for $350 (lumbar injection) with a write-off of $9650; a "ROA check" for $2100 to Ribeiro for discectomy with a write-off of $7900; a "ROA-check" to Dowd for $2100 with a write-off of $17,900. Dowd billed $20,000 for arthroscopic surgery knee $10,000 and synovectomy $10,000. Deposition of Victor Rodriguez took place on 5/24/16. Summary is pending. Surveillance captured plaintiff walking to methadone clinic after the deposition. Lumbar film review on 4/21/16 found bulge at L5/S1, no evidence of focal herniation. Travelers Attorney Dave Robinson appeared in court in the 325d part on 2/25/20. Constantine withdrew as counsel in July 2019. The now pro-se plaintiff did not appear at the calendar call. The case was conferenced with the Judge and she dismissed the case. File to be closed. Case dismissed and closed.

First notice of loss was the summons and complaint.  The insured had no knowledge of the loss.  No incident report.  Video is only kept for two weeks.  George Constantine advised that claimant tripped and fell due a defective sidewalk.  The attorney thinks someone from the store went out but is not sure if an incident report was made.  The claimant refused an ambulance yet went to the ER later that day on his own.  The alleged fall occurred at 3 PM.  The claimant had surgery at the doctor's office.  He finished PT in August and is not pursuing any additional treatment.  The claimant is unemployed and on Medicaid.  George Constantine provided four black and white photos and saved them as a pdf file.  Insured has a prior claim, E3R9251.  The loss date is 6/18/15 and the reported date is 8/13/15.  In this claim, the claimant Barbara Garcia allegedly fell on the sidewalk.  Her attorney is Leo Vrionedes.  Her attorney advised she had Medicaid yet a Medicare match was identified.  Claimant is 47 years old.  Wayne Rogers investigated and secured photos of the alleged defect on the sidewalk.  The claimant attorney provided color photos.  No payments have been made.  Details of this claim are similar to those being handled by George Constantine.  Medicaid afforded coverage for the ER.  ER records state injury to right elbow and right knee, no mention of back injury. MRI of right knee found no acute bony pathology, no meniscal tear, medial retinacula sprain, joint effusion - signed by David R. Payne, MD, MRI of lumbar spine found bulging disc at L3/4, central herniation L4/5, and bulging disc L5/S1.  Notes form Sady Ribeiro indicate the following:  Plaintiff received a pain injection 1 after the loss, he received oxycodone from his primary care physician, he received chiropractic treatment, he has hypertension and other problems yet does not know what they are, and he takes 4 to 5 pills a day yet does not what they are.  The notes state that he had a discectomy on 5/5/13 yet the alleged fall occurred on 12/8/14.  The records further state that the procedure took place on 5/5/15 and that the patient received an injection on 3/23/15.  The total cost of the procedures per Dr. Ribeiro is $11,500. Dr. Norman Sveilich has resigned his authorizations to treat injured workers and to perform independent medical examinations in the New York State workers' compensation system effective February 20, 2015. Dr. Sveilich' s last known practice address is 149-30 88th Street, Howard Beach, NY 11414.  As of 2/20/15,  Dr. Sveilich is prohibited from rendering treatment and care to injured workers and from performing independent medical examinations. Reports submitted by Dr. Sveilich for services rendered prior to February 20, 2015, are valid, but are invalid for any services rendered on or after that date. Requests to cross-examine Dr. Sveilich for services rendered prior to February 20, 2015, should not be denied due to the resignation of his authorizations. As of 9/30/14, Dr. Sveilich is on probation for thirty-six months. The physician's license is limited precluding all surgery with the exception of performing arthroscopic surgery and carpel tunnel surgery. The physician is prohibited from all surgery requiring general or spinal anesthesia, except for arthroscopic surgery on the shoulder. The physician may perform surgery only in an Article 28 facility and while monitored by a senior board certified surgeon designated by the Chief of Orthopedic Surgery at the facility.  In December 2010 through November 2011, Dr. Sveilich failed to render appropriate care and treatment to patients that he failed to perform appropriate pre-operative evaluations and chose inappropriate procedures or performed surgery in an inappropriate manner.  Plaintiff stopped working in 1993 due to back problems and has been in disability since 2007.  In 1994, plaintiff was hospitalized for alcoholism.  MRI on 1/8/15 found no acute bony pathology, no meniscal tear, medial retinacula sprain to the right knee.  Deposition of Dexter Baldwin took place on 5/3/16. Per diem attorney appeared for Constantine.  BP for co-defendant lists knee scope as the most serious injury yet BP to our client only had discectomy.  The following Medicals were received:  All County – MRI of right knee on 1/8/15 found no acute bony pathology, no meniscal tear, medial retinacular Sprain, joint effusion; Norman Sveilich – PT record on 6/11/15; Brooklyn Medical and Surgical – right knee arthroscopy on 2/12/16, prescribed Percocet.  Medicals requested:  Allstate, Adaptation Medical, Longevity Medical Arts, Bellevue Hospital Center, Avalon Radiology, Sternberg Chiropractic, and GEICO Insurance.  Ortho IME revealed that patella spurring and disc herniation pre-dated this incident.  The co-defendant settled this case for $267,000.  Reserves were set at $81,231.00 and are now $0.

Northland claim.  /4/15-"Patient claims he needs to see a medical dr. not psych") flu-like symptoms; agitation in triage-psychiatric evaluation. Acted out in Triage area; insisting he does not belong in psych. PMH of HIV and IVDA.  UTOX positive for opiates and THC.  Patient lives alone in private apartment. He is unemployed and supported by public assistance. He is single with no children. He has three arrests for auto theft and was incarcerated for two years. He denied probation/parole issues. He uses three blunts of marijuana daily. He denied prior psychiatric treatment.  6/13/15- "I have chest pain after altercation with police" Patient brought in the ED in handcuffs. Patient in police custody badge 16143 with c/o chest pain s/p altercation with police. Pmhx HIV.  Drug abuse.  6/23/15:  Problems: Psychotic disorder, Other cause of morbidity, Cannabis abuse.  HIP Medicaid: J31 Policy JRJ31937H01, Medicaid #RJ31957H.  The Firm Lewis Brisbois Bisgaard & Smith accepted tender.  The insurance carrier responsible is Praetorian Insurance Group.

First notice of loss was the summons and complaint.  Insured had no prior knowledge of the loss.  There were no witnesses and no ambulance.  Claimant drove herself to the hospital.  Claimant was employed as support staff at the time of the loss and was insured with United Community.  Attorney has and provided photos of the damaged pavement which were placed on a word document.  All County LLC placed on a lien on the settlement.  Claimant has diabetes and had a gastric band in 2011.  The ER records state that the claimant tripped on a curb at 2 PM.  She landed on her right arm, no arm pain yet experiencing mid back pain.  Deposition adjourned and to be rescheduled.  Subsequent medical review found that plaintiff received acupuncture, chiro, physical therapy, EMGs, MRI and injections.  The MRI found bulges at L4-5 and annular tear at L5-S1 with disc herniation.  Film review of the lumbosacral spine found pre-existing degenerative change.  Disc bulges are not posttraumatic and not related to the loss.  Deposition of plaintiff held on 4/12/16.  Surveillance found plaintiff to be walking and bending without restriction.  The film review of the lumbar spine found desiccatory changes at L5-S1, bulging disc at L5-S1, and no focal herniations.  All County records list a lien of $2000 signed by plaintiff and attorney.  Plaintiff did not show for her IME.  Insured deposition scheduled for 7/6/16.  Ortho IME - Percutaneous procedure carried out is not an accepted procedure.  There is no clinical evidence to support diagnosis of a torn meniscus in the knee.

No lost wages yet allegedly works for Macy's. No witnesses.  No video, no ambulance, went to ER the day after the alleged loss.  Claimant is reporting similar injuries as 4/11/11 loss.   ER records indicate claimant suffered a closed head injury yet not alleging any type of head injuries.  The findings of the MRI were forwarded to a former chiro not previously mentioned, Dr. Kalkanis.  Depositions adjourned several times.  Litigation file closed.  Tender pending.  Plaintiff attended EBT and provided rehearsed testimony.  The plaintiff stated that she fell at the loss location and went to the ER the following day.  She was referred to Select Rehab by her attorney.  She treated with Dr. Ribeiro of NY Surgery Center, Aron Rovner of Brooklyn Medical and Surgical.  The plaintiff is not sure who paid the bills yet thinks Blue Cross/Blue Shield did.  Further analysis of her account of the loss was completed by Claims who found that the Dollar store she claims to have been going to was not open for business on the date of loss.   Plaintiff advised of injuries to her neck, back and head.  The ER records make no mention of lower back pain.  Surveillance has been requested by Claims.  Co-defendant paid a majority of the claim with Travelers paying $7500.

The summons and complaint was the first notice of loss.  The attorney advised that claimant fell in front of a dunking donuts.  There were no witnesses and no ambulance.  The claimant is unemployed and Medicaid paid for the ER treatment.  Claimant took out a loan to pay for knee surgery.  Claimant had right knee surgery on 8/9/13 due to a roller blading accident that occurred seven years prior.  Claimant also underwent percutaneous discectomy (L4-5).  The Plaintiff appeared for his deposition.  He is scheduled to attend an IME on 1/13/16.  He has not shown for previous appointments.  Medicaid Records reveal the following primary diagnosis summary: HIV, Major depressive affective disorder, Bi--Polar, personality disorder, ADD with hyperactivity, Tietze's Disease, juvenile osteochondrosis, Drug dependence Suicidal ideation.  The plaintiff may have been in foster care.  Deposition scheduled for 4/11/16 yet it did not go forward.  Prior medical review for MVA on 3/28/13 found plaintiff suffered from back pain and was diagnosed with L5-S1 and L4-5 broad based disc bulge.  The MRI was conducted by Astoria Medical Imaging.  No herniation was found, only mile desiccation at multiple cervical levels.  Review of the x-ray of the right knee demonstrates no discernible abnormalities. Therefore, there are no abnormalities causally related to the injury of 03/05/2014. Review of the MRI of the right knee found small effusion and no evidence of meniscal tear, ligamentous injury or fracture.  Insured deposition is scheduled for 8/3/16.  Plaintiff objects- Plaintiff is not alleging any back injuries in the instant action and authorizations will not be provided, Plaintiff did not undergo any surgical procedure on his knee in 2010 and as such, authorizations will not be provided, Plaintiff objects as plaintiff did not sustain any similar injuries in the 03/28/2013 auto accident, Plaintiff objects as plaintiff did not sustain any similar injuries in the 03/28/2013 auto accident and as such, copies of the prior BP and complaint are not applicable, Plaintiff objects as plaintiff did not sustain any similar injuries in the 03/28/2013 auto accident.  Pre-trial conference scheduled for 8/27/20.  Case will be tried.  The pre-trial conference which was scheduled for 8/4/20 did not go forward.  Pre-trial conference to be scheduled.  As of 12/17/20, conference not yet scheduled.  As of 2/1/21, conference previously adjourned on 8/4/20.  Defense Counsel has not received any information on this claim.  Ecourts had the conference scheduled for 1/12/21.  It is unknown if it went forward.  As of 5/14/21, trial date is 6/22/21.  As of 6/17/21, trial was scheduled for 6/22/21 yet is not going forward.  As of 1/3/22, The plaintiff attorney wants to settle the case.  The PA demand is $125,000.  Travelers is willing to offer up to $25,000 to avoid costs for trial.  We have 4D video which shows that the plaintiff's meniscus was intact and surgery was not necessary.  DC will contact PC with this information.  As of 4/25/22, claim E0X8525 was referred to TIS due to the participant flagging of the Law Office of Jonathan Mandell.  The plaintiff was previously represented by George Constantine.  An email was received from Stephanie Schacter stating that Mr. Mandell 'eats the disbursement costs so his clients can walk away with more in their pockets'.  There is a lien totaling $118,000.  Mr. Mandell had the plaintiff sign an affirmation attesting that the loss was legitimate.  PA wanted $150,000, case settled for $40,000.

The claimant is unemployed, no ambulance was called to the scene, the claimant took a taxi home and then took a taxi to the ER the next day. First notice of this loss was the Suit filed by the attorney. The records from the attorney indicate the claimant suffered low back pain. The records further indicate the accident to have happened on 2/28/2014? Our date of loss is 2/22/2014 and our initial intake indicated the claimant to have a knee problem. Further the BOP also has the date of loss as 2/22/2014. Treatment previously paid by Medicaid and a funding company. Attorney's demand is $5 Million. Claimant has signed over the potential settlement to US Claims, date 6/11/15. Montefiore Hospital records state DOS as 2/23/2014 ER, c/o l/shoulder pain post fall, no LOC, right thigh and r/knee pt states to have fallen on 2/22/2014, no deformity, skin intact and T&R stable, x-ray-r/knee-negative, x-ray-right shoulder-neg. The claimant has nothing more than bumps and bruises to her right knee and shoulder. There are no complaints of her low back at all. Deposition of plaintiff took place on 4/21/16. The plaintiff was not a good witness and was not able to provide any details of the loss. Plaintiff advised that the loss occurred on 2/23/14, not 2/22/14. Summary is pending. Plaintiff's deposition took place on 4/21/16. Plaintiff had gaps in her memory and recollection of the facts, had the tendency to exaggerate and location of where she allegedly fell does not coincide with the photos. Plaintiff did not go into Sleepy's after the fall and did not report the incident. The plaintiff did not know who paid the ER bill, chiro, PT or surgery. Referred to Select Chiro from her mother. Plaintiff testified that she went to Select for physical therapy 2 to 3 times a week from March 2014 until February 2015. While the records seem to contradict this testimony, Plaintiff was adamant that she worked with both a physical therapist and a Chiropractor at this facility and that the visits fluctuated between 2 and three times a week. The people at Select also referred her to Dr. Andrew Dowd, an orthopedic surgeon. Throughout Plaintiff's testimony she had misgivings about what she said and often changed her mind on answers she gave to even the simplest of questions. In addition, the route that she claims she took to get to her home to the accident site is not even remotely accurate. The entirety of her testimony poses the questions as to whether she did in fact ever meet with any type of accident at the Sleepy's store parking lot on White Plains Road in the Bronx. It has been suggested that a statement from the plaintiff's mother be secured, photographs and measurements be taken of the loss location. Ortho IME completed and found minor soft tissue strain and contusion to the right shoulder and knee. All medical treatment in no way was attributed to this allegedly loss. There is a lack of medical to support surgeries. Case remanded to the trial scheduling part (STP) for 7/28/20. On this date, the case will be conferenced again and a final trial date will be selected. As of 8/21/20, the court marked this case as settled in error. The court discontinued the main case when only the third party action should have been discontinued. Constantine is restoring it. No new trial date, case has not been restored. As of 12/17/20, Travelers waiting to see if case gets restored. As of 2/1/21, Law Office of Jonathan Mandell now handling. Case is flagged for trial. As of 3/10/21, waiting to see if PA Mandell restores the case. As of 5/14/21, matter is still not restored. As of 6/17/21, matter has not yet been restored. As of 1/3/22, case closed without payment.

First notice of loss is the summons and complaint. Claimant did not report the alleged fall to the insured. Claimant went to ER the following day. She began treating with Millennium and was referred to Dr. Ribeiro. Claimant received an epidural injection and percutaneous discectomy. Claimant stated epidural helped. When asked why she had the percutaneous discectomy, she stated it was a different area which is not true per the medical records. Claimant is unemployed with no health insurance. She resides in public housing and prior to that resided in a domestic violence shelter. She receives public assistance and has not worked since 2007. Medicaid paid the bills. Claimant advised she fell on her right side injuring her knee, right shoulder, back and neck. She was helped up by an unknown woman, continued shopping and ate. Claimant stopped treating when she became pregnant. Claimant admits to going to Great Adventure yet denies going on any rides. Based on the testimony, surgery may have been unnecessary. IME completed and it was found that there was no medical necessity for percutaneous discectomy which did not offer the claimant any relief. She had neck pain without radicular complaints. Percutaneous discectomy in the neck is not an accepted procedure and have a very high failure rate as has occurred in this claimant. Neuro IME found no objective evidence of cervical herniation. Expert suggested review of cervical MRI. Dr. Ribeiro States that she went to the ER with worsening neck pain when the only complaints were shoulder and knee bruise. A review of the GEICO claim, date of loss 10/18/06, found that the claimant's leg was run over by a vehicle. The initial injury was soleus muscle hemorrhage which manifested to myofascial neck pain, cervical/lumbar radiculopathy, lumbar sprain and strain, derangement of the knee, foot contusion, myofascial low back pain syndrome, and ankle/leg contusions. Treatment included physical therapy. No MRIs. Plaintiff attorney submitted a notice of intention to introduce MRIs and X-rays at trial. On her last visit in the summer of 2014 to Dr. Ribeiro she had no complaints. It has been three years post fall and now the plaintiff had lumbar discectomy, no treatment on her back. Initial complaint was her leg then her complaints of pain then manifested into Myofascial neck pain syndrome, Cervical Radiculopathy, Lumbar Radiculopathy Lumbar sprain and strain, derangement of knee, foot contusion, myofascial low back pain syndrome, ankle contusion, sprain of ankle, leg contusion. PT treatment at Canarsie Medical Health, PC consisted of massage, hot packs and ROM exercises. Trial adjourned to 5/6/2020 for further conference. The plaintiff has two separate litigation loans. Peter Martin DC was the recipient of the smaller one ($1500). The larger loan, $22,000, was assumed by Fast Trak from Sunset Management. The principle is $25,500 with a collective balance due of $105,900 by the end of May. The plaintiff inquired if Travelers is holding the no pay position. Claims to determine if the case can be settled. The attorney is Jonathan Mandell. As of 8/21/20, invoice received from All County, date of service is 4/8/14. The referring physician is Joseph Pedri. Document not signed by a doctor. Case is active, courts have been closed and delayed due to COVID. Carpe data: posting dated 5/20/14, plaintiff posted she was at the NY Surgery Center Queens and scared. Conference not yet scheduled. As of 12/17/20, bill from All County previously not received shows rotator cuff intact and mild degree of subacromial impingement. No upcoming court dates scheduled. As of 2/1/21, there are no future court dates. As of 3/10/21, no court dates have been scheduled. As of 5/14/21, no new updates. As of 1/3/22, case went to jury trial. Claim settled and closed.

First notice of loss was the summons and complaint. As per the attorney, the claimant tripped over a pot hole injuring his back. He did not report the loss to the insured and drove himself to the ER. Claimant allegedly suffered injury to L5-S1 and received a discectomy. Claimant attorney provided photos of alleged loss location. On 4/3/15, there is note that the claimant is now complaining of left knee pain. The MRI found that the menisci and ligaments were intact. Deps of the claimant have been postponed several times by plaintiff attorney. The date of birth provided is 9/12/88. There is a Carl Hamden Sr. with a date of birth of 3/26/55. Deps of the defendants are scheduled for 2/17/16. Review of the MRI of the left knee obtained seven weeks following the date of injury fails to demonstrate evidence of any meniscal tear, ligamentous injury or fracture. There is a nonspecific effusion. No significant posttraumatic changes are identified and there are no abnormalities causally related to the injury of 02/19/2014. Deposition scheduled for 6/9/16. Summary Judgment granted. File closed without payment.

First notice of loss is the summons and complaint. Insured had no prior knowledge of this loss. Loss occurred in front of Family Dollar. Op reports from Sady Ribeiro lists No Fault as insurance. Claimant is unemployed and on Medicaid. ER records list claimant arrived at hospital at 10:49 PM, roomed at 12:58 AM and discharged at 7:41 AM. Loss allegedly occurred at approximately 4 PM. ER records also list cause as claimant was walking on street and fell backwards, slip and fall on ice in street. Claimant went home and then drove himself to the ER. Photo provided by attorney of small hole in the pavement. Per the insured, the hole used to have a cap on it yet there have been no prior issues or complaints. Medicaid paid ER yet the other meds are being paid by a funding company, The claimant borrowed $18,800 from Sunset Management, LLC, PO Box 554, Woodmere, NY, 11598, (917) 553-6217. The funding agreement is dated 5/12/14. $2000 is to be paid to case manager Dr. Kalkanis (who is a former chiro), $500 to Select Rehab, $1000 to All County LLC, $13,300 to Sady Ribeiro, and $1500 to claimant. Claimant attorney advised that he does not have the meds, only the funding agreement. Meds in file include ER records, Op report from NY Surgery Center, and chiro records from Select Chiropractic/Rehab. Attorney's demand is $5 Million. ER records indicate that ambulance was at the loss scene. Claimant advised ER that he can take Vicodin, Percocet, and Tylenol. Claimant provided Toradol from ER(anti-inflammatory). Claimant had prior hernia repair. ER took x-ray of claimants lumbar and documented that patient is status post L5 laminectomy, normal lumbar alignment, no acute findings. Deps are pending. The claimant is linked to the following: Bankruptcy: Chapter 7 – 9/23/11 – Discharged – Attorney: Law Offices of David S. Waltzer, PC, 65 S. Broadway, Tarrytown, NY 10591,Liens: 2/26/11 - $137 - State of NY - released 5/13/11 - Tax Warrant; 2/6/02 – Criminal Court, $60. Criminal Record: 3/23/93 – Discharged: 12/26/99 – Criminal Possession of Stolen Property 3rd, Robbery 2nd, ATT Promoting Prison Contraband, 5/7/02 – Released: 11/23/10 – ATT Robbery 2nd. Deposition was conducted. Additional discovery is warranted. Plaintiff underwent discectomy on 5/20/16 after EBT. Additional EBT necessary to discuss surgery. Additional deposition of the plaintiff took place. The plaintiff testified that he received a micro-discectomy in Brooklyn in May 2016. He received physical therapy from a pain management doctor in Brooklyn. He was referred to this facility by a friend. He received a lower back injection in September 2016. He skipped the injection scheduled for October 2016. The plaintiff stated that he Medicaid paid his medical bills then later stated that he did not know who paid the bills. He is taking Percocet, tizanidine, and diclofenac. The plaintiff testified that Dr. Ribeiro would not perform the discectomy and was referred to Aron Rovner located in Brooklyn (Brooklyn Medical and Surgical). The plaintiff failed to appear for the last court conference on 1/16/2020. The case was dismissed from the bench and marked disposed in the e-court system.

First notice of loss is a summons and complaint. There are no witnesses, no report, and no ambulance per the attorney. The claimant went to the ER the day after the alleged fall. The claimant is unemployed. The insured had no prior knowledge of the loss. The ER records state that the claimant suffered from right shoulder, pelvis, buttocks, and back pain as a result of a fall on the street. The records also indicate that there was an ambulance at the scene. The x-rays were normal. The claimant felt better and wanted to go home. The ER doctor is Ojas J. Desai. The claimant was given Tylenol, Advil/Motrin, and Toradol. The claimant signed the privacy notice on 4/19/14. Claimant was seen by Dr. Danilo Sotelo-Garza on 5/30/15, on 6/6/15, claimant underwent arthroscopic surgery to right shoulder. Endure Management confirmed that claimant was not a patient of theirs despite the release received from the PA. Motion to dismiss granted.

First notice of loss is a summons and complaint. The file notes state that the summons and complaint was originally faxed to Travelers on 10/12/15 yet a claim was not set up. The insured was served on 9/12/15. There are no medicals yet the injuries listed are lumbar percutaneous. Claim handler Mike Pigno conducted a Google map search and found that the loss location is that of NYC Auto Repair and Collision and "Prestige". Mike identified cement patchwork between the sidewalk and garage bay entrances. The plaintiff's address is Section 8 housing. DJ action pending, a demand to be made for the tenant's policy. Conference did not go forward due to COVID 19. There is no new date. The early settlement conference was scheduled for March and was adjourned without a date. As of 8/21/20, Co-defendant will not accept tender. Pre DJ already sent out. No upcoming conferences. New authorizations needed for Sady Ribeiro and Select Rehab as vendor was unable to locate the facilities. As of 12/17/20, additional records received from Sady Ribeiro Pain Management. The plaintiff went to the hospital two weeks after the alleged loss. Funded case. Treatment, providers, diagnosis, and treatment updated. Permission was granted to file a DJ yet the carrier, NY Prestige, is in liquidation so it is unclear if it will be permitted. Handwritten note on Astoria Medical Imaging report states send to Dowd never went. I reviewed the medical records further looking for anything regarding transportation and did not find any information. As of 2/1/21, DJ action assigned to Alan Eagle of Rivkin Radler. There are no future court dates per Ecourts. The last entry is 3/17/20 is on 3/17/20, adjourned without a date. As of 3/10/21, plaintiff demanded $350,000 which is mostly due to litigation funding loans taken out for the discectomy. Judicial mediation conference scheduled for 4/12/21. As of 5/14/21, a stip of discontinues was executed. As of 6/17/21, tender accepted, claim closed without payment.

First notice of loss is a summons and complaint. The insured had no prior knowledge of the loss. As per the claimant's attorney, the hole had been repaired shortly after the loss. The claimant allegedly reported the fall to an employee at Wendy's yet did not complete an incident report. The medicals were paid by Medicaid. No lost wages. The claimant is no longer treating. Tender accepted and Travelers claim is closed.

The claimant did not report the fall to the insured.  She was alone and went home.  The fall allegedly occurred in the daylight.  She took herself to NY Presbyterian Hospital.  Claimant is unemployed.  The insured had no knowledge of the loss.  The insured expressed concern that the claimant may have been injured elsewhere.  Claimant was pregnant at the time of the loss.  Claimant's initial attorney was Pontisakos & Rossi.  Attorney delayed in sending any requested information.  The attorney could not say what injuries the claimant had.  Summons and complaint received on 3/19/14.  George Constantine began representing the claimant on 9/12/14.  Health insurance claims were submitted with diagnoses of morbid obesity and high glucose (not related).  Deposition of claimant was cut short due to the claimant's mental issues.  Claimant did state how the loss occurred.  Further investigation confirmed that the loss could not have occurred as described by the claimant.  Claimant has not shown for the IME's.  Travelers filed a motion to dismiss on 9/22/15 as the claimant failed to appear for her scheduled IME's.  Sady Ribeiro's office notes state that the loss occurred in November 2014.  The report was dated 2/18/14.  Nequa Robinson attended an ortho IME.  She stated that the fall rendered her unconscious and she denies any surgeries despite Travelers having records from NY Surgery Center.  Plaintiff is listed as 5'2" and 284 pounds yet Dr. Ribeiro listed her as being of normal weight.  Astoria MRI- DOS: 10/3/13- Bill/Invoice identifies Health Financing and then payment of $500.00 by self-pay check#: 1468 on/about 3/12/14.  Select Chiropractic: All examinations including initial examination of 9/13/13 identify accident date as 8/29/13.  Invoice provided outlining service dates and fees also identifies loss date as 8/29/13.  Dr. Ribeiro/Seung Ho Lee examination of 2/18/14: History of current complaint it is noted as Nov 2012.  MRI of the lumbar spine found no evidence of any disc bulges or focal herniation.  There is no central canal or exit foraminal stenosis.  The facet joints appear intact.  The conus medullaris is intact.  There is no evidence of spondylolisthesis.  No paraspinal soft tissue mass lesions are identified.  Study is normal. Medicals from NY Surgery Center show a balance of $20,000 with a self-funded payment of $6650 and a balance write-off of $3350.00.  Date of procedure is 2/25/14.  An additional unlisted procedure was listed as conducted on 3/11/14.  The self-funded payment and balance write-off are dated 3/20/14.  Conference scheduled for 3/19/2020.  Court adjourned case until 7/18/20 due to COVID-19.  As of 8/21/20, notion to dismiss is pending.  As of 9/17/20, there are no new updates.  As of 12/17/20, motion to dismiss to be heard on 1/7/21.  As of 2/1/21, the matter is now before Judge Julie Rodriguez.  Judge Norma Ruiz had the case retired.  The conference scheduled for 1/7/21 was adjourned.  Next possible status conference may be in the Spring.  Travelers looking to dismiss this matter.  As of 3/10/21, no new updates.  Will there be a court conference?  As of 5/14/21, motion to dismiss is pending.  As of 6/17/21. a new judge has been assigned to the matter, Theresa Ciccotto. Trial is scheduled for July 15, 2021.  The pro se plaintiff has not filed the 90 day notice of trial as required and we have not been in contact with the pro se plaintiff.  The goal is to get the matter dismissed.  As of 1/3/22, case adjourned without date.  As of 10/18/22, matter is adjourned without a date.  As of 11/21/22, case is still adjourned without a date.

First notice of loss was a summons and complaint.  Claim closed as an incident.

First notice of loss was a summons and complaint from the attorney.  Claimant did not report loss to insured.  Claimant went to the ER and was admitted at 10:48 PM.  Loss allegedly took place at 2 PM.  Per the attorney, the claimant was walking to the cleaners.  Research on claimant revealed that he may have worked as air talent programmer in Florida using the name Tim Shay.  Insured denies being aware of any other falls at said location.  Attorney advised claimant had only 1 prior and injured his left shoulder.   Claimant was provided anaprox and Toradol - both pain killers.  Claim submitted to Medicaid. In the prior MVA, the injury is to the same disc level as the one in our claim which resulted in the surgery to the same level at L4-L5.  It was a light impact, side swipe incident. There is also a Travelers BI for the prior which is HFI7033 which was paid and closed some time ago which resulted in a BI indemnity payment to Mr. Lonesome in the amount of $50k. Plaintiff's attorney was a different firm. Plaintiff also underwent a shoulder arthroscopy resultant from the MVA.  Records from Astoria Medical Imaging indicate that the claimant's Health Financing was affective 8/28/13.  The date of the alleged loss is 8/29/13.  The account number is 10421094 and the address for Health Financing is the address of Astoria Medical Imaging, 27-47 Crescent St. Room 107, Astoria, NY 11102.  Plaintiff was supposed to appear for his EBT on 1/20/16, the plaintiff attorney first advised that they never received the change of attorney letter, then later stated that they could not locate their client.  Plaintiff appeared for deposition on 7/21/16 yet was not of sound mind.  The plaintiff attorney would not allow the deposition to go forward.  Plaintiff may have been on meds or drugs.  The deposition will be rescheduled if the plaintiff's attorney decides to keep the case. EBTs are supposed to be completed by 10/28/16. IME to be done on or by 01/06/17. Plaintiff's time to file NOI extended to 12/30/16.  The plaintiff testified that he tripped in the parking lot while wearing flip flips.  The plaintiff stated that he has Medicaid and that Medicaid paid for his ER treatment only.  His initial complaints were his hands, wrist, lower back, knees and legs.  He received a pain injection.  Shortly after the loss, he retained George Constantine as his attorney.  Constantine referred him to Dr. Ribeiro.  Dr. Ribeiro referred the plaintiff to Select Rehab (Millennium PT).  The plaintiff received an epidural shot during his second visit with Dr. Ribeiro and a discectomy on his third visit.  Constantine provided a car service for attending the treatment.  Dr. Ribeiro referred the plaintiff to Dr. Rovner.  The plaintiff stated "I don't remember" for several questions associated with his prior losses and treatment.  Prior medical records were or will be requested.  The plaintiff denies prior back issues despite information received by Travelers staff counsel.  The plaintiff discussed shoulder surgery resulting from injuries sustained in the 2011 accident.  The plaintiff treated with Peter Morgan and Gabriel Dassa for the 2011 loss. Constantine would not allow the plaintiff to answer questions regarding funding.  The pre-trial conference is scheduled for 3/18/2020, a motion to dismiss is being drafted.  Pre-trial conference was adjourned until 7/1/20 due to COVID-19.  A motion to dismiss was drafted.  Pre-trial conference scheduled for 7/1/20, motion to dismiss based on 90 day notice finalized and will be served/filed.  As of 8/21/20, motion to dismiss was filed, returnable on 8/25/20.  As of 9/17/20, case is listed as non-essential and adjourned.  Motion to dismiss is pending.  As of 12/17/20, motion to dismiss was not yet heard.  As of 2/1/21, conference scheduled for 2/2/21.  The plaintiff is in jail.  As of 3/10/21, no court dates scheduled.  As of 5/14/21, motion to dismiss is pending.  Court appearance scheduled for 7/1/21.  As of 1/3/22, court date pending.  As of 10/18/22, DC sent an email to the courts to confirm receipt of the motion which was filed on 1/13/22.  As of 11/21/22, case adjourned until 1/19/23.  The plaintiff is pro se.

Travelers was excess carrier only. York Risk Services/Dongbu Insurance settled claim for 80K.

First notice of loss is the summons and complaint. Attorney initially advised that the claimant fell over a raised metal door however he actually allegedly fell over open doors to the basement. No ambulance. Claimant went to ER approximately 9 hours after alleged loss. Claimant is unemployed. Claimant has not worked since 2007 or 2008 due to pain from an earlier accident and a hernia problem which developed while he was in prison (no records found). Claimant has a child support lien. Astoria Medical Imaging's report states that the claimant has right knee pain after an MVA. Travelers is not responsible for this loss and has tried to have attorney remove Travelers from Suit. He refused but will not seek money or deps from Travelers. Claimant denies knowing who he treated with and admits to being involved in a hit and run while riding a bike. He claims he was not injured. Meds are being paid by a loan company. Travelers has been successful in the motion for summary judgment.

First notice of loss was a summons and complaint from attorney. Claimant did not report loss to Dunkin Donuts. Claimant did not take an ambulance from the loss scene. Claimant went home in a taxi and went to the hospital about 5:30 PM. The fall allegedly took place at 10 AM. There are no witnesses. Claimant has been out of work for a long time. Dunkin Donuts had no knowledge of loss. Claimant was deposed and made a fair witness. He could not answer simple questions such as the last name of his ex-wife. He had no knowledge of what treatment he received and why. There was no intervening office visits between injection and surgery. There was no follow-up with the surgeon. Claimant stated that after he tripped, he spun around, struck his left knee and back. Attorney referred claimant to Dr. Sady Ribeiro. His friend Joe referred the claimant to Millennium PT. Bills for treatment paid by Medicaid and Funding Company. on 2/16/16, George Constantine has requested the file be restored to active status. Neuro IME found no objective, clinical, neurologic deficits. Ortho IME pending. Ortho IME found that the claimant's surgery was for preexisting degenerative changes to the lumbar spine and not related to this injury. Staff Counsel assigned to provide criminal history of plaintiff. Claim set to go to trial in 10 months. Defense counsel is drafting a motion to dismiss which will be served when the courts reopen for business. Motion to be dismissed on 90 day notice finalized and will be served/filed. Motion to dismiss scheduled for 8/25/20. Motion to dismiss. As of 12/17/20, case is non-essential and adjourned. Motion to dismiss did not show on ecourts. As of 2/1/21, there are no future court dates. Travelers has a pending motion to dismiss. As of 3/10/21, no activity. As of 5/14/21, court dates are pending. As of 1/3/22, On 12/8/21, the pro se attorney failed to appear for the virtual conference. Travelers asked that the motion be dismissed and the Judge agreed. The claim was closed without payment.

The FNOL was a summons and complaint from attorney. The claimant is unemployed, her husband was an alleged witness to the fall, and George Constantine has photos. The first notice of loss is a summons and complaint. In addition to Travelers insured, 29 additional individuals are being sued. State Farm insures Angela Fox individually. The insured contacts do not know the plaintiff and had no knowledge of the alleged loss. Coverage is pending. As per the bill of particulars, the alleged loss occurred in the alley between 21-01 29th Avenue and 21-02 29th Avenue in Astoria, 10 feet from the sidewalk on 21st Street and four feet from the garage line of 21-02 28th Avenue. The alleged defect is described as a depression in a pothole. The plaintiff's injuries are L3-L4 disc bulge, L4-L5 disc protrusion, and L5-S1 herniation. The plaintiff underwent a fusion on 1/9/14. Nick Papayannis witnessed the fall. The plaintiff has Medicaid and Medicare and is seeking $5 Million. George Constantine provided black and white photos which are illegible. Travelers to take the lead and attempt to coordinate a resolution through global mediation. Case settled, Travelers final holdout, a business decision was made to settle.

The insured had no knowledge of the alleged fall and in not aware of any defects or hazards. A companion claim for this loss is H0M7219. The first notice of loss was a summons and complaint. There are over 40 defendants listed in the complaint. As per the bill of particulars, the alleged loss occurred in the alley between 21-01 29th Avenue and 21-02 29th Avenue in Astoria, 10 feet from the sidewalk on 21st Street and four feet from the garage line of 21-02 28th Avenue. The alleged defect is described as a depression in a pothole. The plaintiff's injuries are L3-L4 disc bulge, L4-L5 disc protrusion, and L5-S1 herniation. The plaintiff underwent a fusion on 1/9/14. Nick Papayannis witnessed the fall. The plaintiff has Medicaid and Medicare and is seeking $5 Million. George Constantine provided black and white photos which are illegible. Case settled, Travelers final holdout, a business decision was made to settle.

Multiple defendants have been named and several claims have been filed with Travelers and other carriers. The companion claims are H1S1518, H0M7584, and H0M7219. The alleged loss occurred at 3:30 PM in the alley between 21-01 29th Ave and 21-02 28th, Astoria NY, 10 feet from the sidewalk on 21st Ave and 4 feet from garage line of 21-02 28th Avenue, Astoria, NY. The defect was a depression/pothole. The plaintiff is claiming the following injuries: L3/4 bulge, L4/5 protrusion, L5/S1 HNP, and L4/5 -5/S1. The plaintiff underwent an anterior lumbar fusion with titanium cage and instrumentation on 1/9/14.
There are no lost wages alleged. No medicals have been secured to date. The insured was not aware of the loss until she received the summons and complaint. She does not know the plaintiff. The loss location is a common driveway. No repairs were made by the insured. Case settled, Travelers final holdout, a business decision was made to settle.

As per the insured, the entire block received a summons and complaint. No one saw the claimant fall. An answer has been filed. Case settled, Travelers final holdout, a business decision was made to settle.

Ace accepted tender. The claimant is unemployed, there was no ambulance, received PT and had a discectomy on 10/14/13. No payments made by Travelers.

First notice of loss is the summons and complaint. Insured had no prior knowledge of loss. Claimant is unemployed and on Medicaid. Attorney allegedly has photos of the pothole. Meds received from Astoria Medical Imaging and NY Surgery Center. Joseph Pedri, DC referred the claimant for the MRI. Claimant is not linked to address 320 Linden Blvd., Brooklyn, NY in Accurint. The surgery notes read that the claimant did not respond to injections. The injection took place on 9/20/13 and the surgery took place on 9/25/13. The ER records state that the plaintiff fell after her leg gave out. She fell while walking, tripped, and lost balance at home. The x-ray and MRI reveal degenerative changes and disc protrusion. PA adjourned plaintiff's deposition scheduled for 6/14/16. New date is pending. As per the hospital records received from SUNY, the plaintiff has a history of heart disease, thyroid disease, abdominal paid, and back pain. The records indicate that on the alleged date of loss, the plaintiff claims that her legs gave out and she fell at home. On 9/29/13, she visited the ER claiming lower extremity and back pain which she states began several years prior. On 12/27/13, the plaintiff visited the ER complaining of shoulder pain which she claims started two days prior. Plaintiff appeared for her deposition. She lives in a shelter, is on Medicaid, and has not worked since 2006. After the alleged fall, she took a taxi to the hospital. She later received an MRI, injection, and back surgery. The back surgery took place a week after the injection. She denies any other treatment. Closed without payment.

First notice of loss was the summons and complaint from the attorney. Claimant's attorney has photos of the pothole which has since been repaired. The incident allegedly occurred at the Dunkin Donuts. Claimant informed Dunkin Donuts yet they did not take a report or make note of it. Claimant has bipolar, depression and anxiety. Claimant is an active cocaine user. Loss allegedly occurred at 12 PM. Claimant checked in the hospital at 9:18PM. NY Surgery Center submitted a bill for $50,000, date of service 1/14/14. CH contacted NY Dept. of Health and found that the claimant's medical bills from 2002 to 2015 are $235,425.32. Records from Queens Health Network, date of service 4/26/13, state bilateral knee pain since last night, no trauma. Medicaid afforded coverage for the plaintiff's emergency room treatment. New York Surgery Center provided an invoice totaling $50,000 dated 7/7/15 for services rendered on 1/14/14 and 1/28/14. The procedures listed include Diskograph- 5 Units ($50,000) and Unlisted Procedure of the Spine ($10,000). A self-funded payment totaling $8000 was made on 2/18/14 and there is a balance write-off totaling $2000 on 2/18/14. Astoria Imaging has no record of the patient. Medicaid records indicate that he saw physical therapist Bakry Wael beginning in February 2013 and saw him on 4/3/13 (patellar tendinitis). According to plaintiff's BP, the accident occurred on 4/4/13. He claims right knee partial tear ACL and discography at L1-2, L2-3, L3-4, L4-5 and L5-S1 on 1/14/14. He then saw Wael again on 4/5/13 with the same diagnosis. He continued seeing Wael until 5/10/13. On 1/13/14, Medicaid was billed for Interline Emp. Asst. Prog. Inc. (diagnosis 303.90-other unspecified alcohol dependence) and Alexis Elisabeth, MD (diagnosis 786.50-chest pain). The plaintiff appeared for his deposition on 6/8/16. The plaintiff was somewhat evasive when answering questions. He was not aware of any litigation funding agreements. He testified that he fell in a basketball sized ditch which he took a photo of. His attorney referred him to Millennium PT. Ortho IME completed. Plaintiff stated that his attorney referred him to multiple providers yet he did not remember the names. Plaintiff denies injections, admits to 2 lower back surgeries. Plaintiff had chiro, PT and Massages 1 time a week. Ortho IME completed and stated that surgeries completed are not medically necessary. EBT adjourned and rescheduled for 11/3/16. A jurt was picked and the plaintiff was scheduled to testtify in 2019. The plaintiff did not appear and the judge dismissed the case.

First notice of loss was a summons and complaint. Insured is not aware of the incident. The insured no longer leases to the tenant at the time of the loss. The plaintiff's address is 599 Ralph Avenue, Brooklyn, NY 11233 which is the address for SCO Family of Services and Institution-Community Living. The tenant's carriers have been tendered and the case has been assigned to Staff Counsel. The plaintiff's attorney has not submitted any medical records as of yet. Medicals received and reviewed. ER records state plaintiff is homeless. Per the records, the plaintiff tripped and fell while texting on his phone. His primary complaint of pain was to his left shoulder. He was given Motrin and Toradol. Dr. Kaisman's record state that the plaintiff has neck and back pain radiating to his left shoulder. Dr. Kaisman performed a Stryker decompression on C6-C7. Tender accepted, legal expenses to be reimbursed by other carrier.

File closed - incident only.

First notice of loss was the summons and complaint. No witnesses. Medicaid paid ER only. Attorney seeking $5 Million. Plaintiff address is a homeless shelter. Medical record signed Sean Edward Williams. Plaintiff arrived at ER by Taxi. Plaintiff complaints included back pain which he had on and off since 2009 and right knee pain. X-ray of right knee found no fractures and was unremarkable. MRI of lumbosacral spine by All County found disc bulges. Dr. Pedri is the referring physician to Dr. Ribeiro. Meds listed as lithium (manic depression), Risperdal (anti-psychotic), Zoloft (depression and anxiety), and hydroxyzine (anxiety). Claim settled and closed.

First notice of loss was the summons and complaint. Claimant is unemployed. Medicals are being fronted by a company that puts a lien on the settlement and charges a high interest rate. Harleysville SIU investigating due to claimant's prior claim history and involvement in a staged accident ring. GEICO SIU also involved. Claimant did not report loss to the insured. Harleysville Insurance settled the case.

The first notice of loss was a Summons and Complaint issued by Attorney George Constantine and provided to Travelers by the insured's agent. The complaint alleges that the claimant, Jerri Patterson, fell on uneven payment at 1591 Broadway, Brooklyn, NY. As per the claimant's attorney, the claimant is unemployed and has a loan to pay the medical bills. The claimant went to the ER at 7:54 AM on the date of loss. The claimant's medical history noted significant psychiatric problems. The claimant is taking Abilify which is used to treat schizophrenia and bipolar disorder. The ER records note mild tenderness to back yet made no mention of a knee injury. George Constantine provided photocopies of the photos of loss location which identified concrete patches on the asphalt and posts where a fence once was. The Plaintiff Attorney is seeking $5 Million settlement. The claimant has a social assistance lien totaling $1148.51.Travelers assigned a radiologist to review the MRI and found a patella alta with lateral subluxation and thickening medical plica - small effusion. This is long standing and not related to a traumatic injury. Deps of the claimant have been adjourned several times. Robert Donadt of Forest Hills Orthopedics indicate that the claimant is a he when in fact she is female on his reports dated 5/9/13 and 6/13/13. The deposition of the plaintiff went forward on November 2, 2015. The plaintiff did not remember where she had any of her treatment, she did not recall the names of the doctors and she had a difficult time answering questions. The plaintiff attorney objected to DC asking about the Mental Health background and also who referred her to her attorney as he would not let her answer those 2 questions. She denied any crime in NC and Forgery in NJ. She has no driver's license. She has never had a NY state driver's license, She has lived in many different locations and family shelters with her kids. She has 5 kids none with the current husband that she has been separated for the last 4 years. She had about 20 addresses listed but did not remember over half of them. She gave a lot of I don't know, I don't remember, it was a long time ago answers. She did not articulate answers well and had to take several breaks. There were no adverse surprises that would change the liability or damages assessment analysis. DC stated that plaintiff attorney did appear to be aggravated and suspicious of the lengthy questioning at the deposition. The claimant attended the IME and gave her address as 1226 Flushing Avenue, Brooklyn, NY which is a homeless shelter. IME confirmed knee surgery was not necessary as the MRI was found to normal and review of the right knee operative photos did not show any traumatic tears. Deposition of Dr. Ahmad of Broadway Medical secured. SJM in favor of Crown Fried Chicken dismissing claims and cross claims of Ashok Dubey against Crown with prejudice. Trial conference adjourned to 10/28/20. Travelers summary judgment motion denied on liability while court reserved on issue of indemnity as to the tenants, the court to make a final decision. Trial conference scheduled for 10/28/20. As of 12/17/20, the court decided summary judgement in favor of Broadway Medical and Crown Dried Chicken, leaving Travelers as the sole defendant. Travelers may appeal. As of 2/1/21, trial is scheduled for 11/3/21. As of 5/14/21, trial scheduled for November. As of 1/3/22, trial is scheduled for 6/22/22. As of 10/18/22, trial date is scheduled for 9/25/23. PC could not provide the actual litigation funding loan amount. As of 11/21/22, trial date is scheduled for 9/25/23.

Claim voided as Travelers was not the insurer. Claim EGM0611 was set up to compile notices which were sent to us by the agent/broker/insured for policy term 6/11/2012-6/11/2013 where we are $15M x/o $10M.

The claimant is the insured's brother. Claimant went to the hospital the day after the fall. Claimant was employed as a taxi driver. He did not have any health insurance at the time of the fall per the attorney yet the attorney advised that they were trying to reinstate it. The attorney advised that the claimant is trying to get a loan to pay for the knee surgery and that the MRI states that the injury is not from the car accident. The attorney also advised that he has witnesses. The claimant was deposed and did not make a good witness. The transcribed statement was changed and the claimant was asked to appear again at which time he stated that he did not make the changes, the attorneys did. Travelers prevailed in litigation.

Claimant fell on sidewalk. No witnesses, took bus to hospital, first notice of the loss was the summons and complaint. Claimant took loan from funding company, Health Finance, 30 East 65th Street, Suite 12C, New York City, NY 10021. The loan amount was $12,000 with a 4.75% compounded monthly return. Loan owed is now $63,786. Attorney was eager to settle. Travelers paid $25K of the $50K settlement. Attorney advised that the original offer of $40K would not pay off the loan and he would have to take a loss on this claim.

The ER records make no mention of any problem with the lower back. It was originally thought that plaintiff may have sustained a right rotator cuff tear. The initial MRI shows that this was not the case. The second MRI suddenly showed an L5-S1 disc which put plaintiff on a direct path to Dr. Kaisman (referred by Peter Kalkanis) who went ahead and performed a discectomy and decompression at L5-S1. We have no post-surgical medical reports or records to reflect whether plaintiff received any further examinations or treatment once the surgery was completed. Claimant secured a $13K loan from Health Finance. Attorney wants to settle at a discount due to the claimant's loan. The attorney asked the CH if he was a demand or a realistic settlement number. Waitress at diner confirmed that the claimant fell and that he went to the ER after he and his companion ate. Claimant is unemployed.

Claimant's attorney stated that the claimant has no medical coverage, he is in financial troubles, may have to file for bankruptcy, and may have to secure a loan to pay for the surgeries. The claimant stated that he was not planning on securing a loan and will not file bankruptcy. Claimant has Medicare. Films of the MRI of the lumbar were reviewed and it was found that the claimant has a chronic pre-existing condition and there are no herniations or fractures. Three depositions were taken of the claimant. The claimant was on Vicodin for the first dep and could not answer basic questions. The claimant changed his answers throughout and could not say what he actually fell on. He is claiming that he fell twice. The claimant is a master plumber yet does not have a license. He is claiming lost wages ($140K). His tax returns and financial information is being reviewed by an forensic accountant as he is affiliated with multiple businesses. Dr. Lumbrakis submits questionable reports indicating left shoulder issues yet the claimant had surgery on the right. Claimant withdrew loss of business claim. Plaintiff attorney wants to settle through mediation. Travelers has mentioned filing a summary judgment. Hearing held, Travelers to pay $200K.